Plaintiff's counsel protests an attorney's fee of $2,250.00 for her services.
The Deputy Commissioner's Order is hereby Modified to include the following
FINDINGS OF FACT
1. Plaintiff executed a contract for the services of his counsel providing that counsel would receive one-third (1/3) of any recovery.
2. The undersigned take judicial notice of the fact that the Commission, as a matter of custom and policy, has awarded plaintiff's counsel fees equivalent to 20% of compensation awarded (excluding medical benefits) in cases resolved by agreement between the parties, and 25% in those cases that go to hearing on disputed issues; that the compensation on which said percentages are based represent 2/3 of the wages actually lost by the plaintiff or which it is conclusively presumed will be lost in the future due to permanent consequences of injury; that unlike tort awards upon which plaintiff's counsel also traditionally bases a contingent fee, said compensation does not include any award for pain and suffering, actual monetary losses for permanent consequences of injury beyond the amount presumed by statute, or other consequential damages; and, that the said custom and policy has resulted in the availability to plaintiffs of adequate and competent representation before the Commission.
3. The Commission's record shows that no evidentiary hearing ever took place in this case. The record in fact shows that the case was settled on December 2, 1994.
4. Plaintiff's counsel alleges that she settled the case, but that the settlement broke down due to some alleged falsehood told by the plaintiff, and that she had to expend an additional 20 hours to obtain the subject settlement. The Full Commission takes the position that the 20 additional hours alleged to have been expended by plaintiff's counsel is in fact a part of her agreement to represent plaintiff.
5. That in light of the legal and factual matters involved in this case, the nature and extent of the services rendered, the results obtained and the actual risks undertaken by plaintiff's counsel in entering into a contingency fee contract for representation in this case, $2,250.00 is a reasonable and adequate fee for plaintiff's counsel; and, that $3,000.00 would be an excessive and unreasonable fee.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
That counsel for plaintiff is entitled to a fee of $2,250.00 pursuant to N.C.G.S. § 97-90.
As herein modified, the Deputy Commissioner Laura K. Mavretic's Order is ADOPTED and AFFIRMED.
Each side shall pay its own costs.
 S/ ______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________________ J. RANDOLPH WARD COMMISSIONER
CMV/CNP/tmd 3/29/95